Dmitry Lapin, Esq.
Robert R. Axenfeld, Esq., pending admission *pro hac vice*
Scott L. Baker, Esq.
AXENFELD LAW GROUP, LLC
2001 Market St., Suite 2500
Philadelphia, PA 19103
(215)-422-3000
dmitry@axenfeldlaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**EMPIRE AUTO PROTECT, LLC,**

Plaintiff,

v.

**ENDURANCE WARRANTY SERVICES, LLC**

Defendant.

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff Empire Auto Protect, LLC ("Empire"), by and through its undersigned counsel, and for its Complaint against Defendant Endurance Warranty Services, LLC ("Endurance"), states as follows:

**INTRODUCTION**

1. Empire and Endurance compete in the market for vehicle service contracts ("VSCs"). Both market and sell competing vehicle protection products to consumers throughout the United States and advertise extensively through internet search advertising. This action arises from Endurance's deliberate use of Empire's federally registered EMPIRE AUTO PROTECT

mark and confusingly similar variations in sponsored search advertisements displayed to consumers searching for Empire and its services. Empire also seeks declaratory relief arising from Endurance's threat of imminent litigation concerning Empire's advertising practices.

2. Empire has documented multiple Endurance-sponsored advertisements appearing in response to searches for Empire and Empire's services. Several advertisements incorporated Empire's name or close variants of Empire's name directly into the visible advertisement headline, including advertisements such as "Newark Empire Auto Warranty | Extended Auto Protection" and "Newark Empire Car Warranty | $300 Off Promo – Ends Soon." These advertisements promoted Endurance's competing vehicle service contract offerings and directed consumers to Endurance-controlled websites and sales channels.

3. Empire's investigation also identified ad-link URLs associated with Endurance's sponsored advertisements that contained tracking parameters bearing the values "empire auto protect," "empire auto warranty," and "empire car warranty." Certain links included a "Conquest" designation. These recorded values, considered with the visible advertisements and the searches that produced them, support the inference that Endurance configured advertising directed toward consumers seeking Empire.

4. On September 18, 2026, Endurance's counsel sent Empire a cease-and-desist letter accusing Empire of engaging in unlawful advertising, unfair competition, false advertising, tortious interference, commercial disparagement, defamation per se, and violations of the Lanham Act, demanding a response by September 23. Empire did not receive the letter until September 22, following the September 21 religious holiday. The demand thus allowed Empire approximately one day to investigate and respond to accusations concerning its advertising and customer interactions. Endurance demanded immediate compliance and threatened imminent litigation in

federal court if Empire failed to comply.

5. Empire promptly undertook an investigation and, on September 23, requested that Endurance identify the specific advertisements, statements, customer interactions, and materials allegedly supporting its accusations. Endurance declined to identify the specific conduct or provide supporting materials. Its counsel instead invoked Endurance's multiple pending injunction and damages suits nationwide and maintained an expedited deadline. That response left Empire facing a concrete threat of litigation over its ongoing advertising without the particulars needed to assess or address Endurance's accusations.

6. An actual and substantial controversy exists between the parties. Endurance expressly threatened litigation asserting trademark, unfair competition, false advertising, tortious interference, commercial disparagement, deceptive trade practices, and other claims arising from Empire's advertising and business practices, while Empire disputes those allegations and contends that its conduct is lawful. A judicial declaration will resolve the parties' present and concrete dispute concerning their respective rights and obligations.

7. At the same time Endurance accused Empire of improperly using search advertising to divert consumers and create confusion, Endurance itself operated advertising campaigns that displayed Empire's name and confusingly similar variations of Empire's name in sponsored advertisements directed toward consumers searching for Empire. Endurance cannot invoke trademark and unfair competition principles against Empire while simultaneously engaging in advertising practices that create the same risks of consumer confusion, diversion, and misappropriation of goodwill. Empire therefore seeks declaratory relief, injunctive relief, damages, disgorgement of profits, attorneys' fees where permitted, and such other relief as the Court deems proper.

8. Consumers searching for "Empire Auto Protect" are generally seeking Empire specifically rather than generic information concerning vehicle service contracts. By displaying Empire's name in sponsored advertising presented in response to Empire-branded searches, Endurance sought to intercept consumers actively seeking Empire and redirect them to Endurance's competing products and services.

## THE PARTIES

9. Plaintiff Empire Auto Protect, LLC ("Empire") is a limited liability company organized under the laws of Delaware with its principal place of business in New Jersey.

10. Upon information and belief, Defendant Endurance Warranty Services, L.L.C. ("Endurance") is a limited liability company organized under the laws of Illinois.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over Empire's Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has jurisdiction over Empire's declaratory judgment claim because the parties have an actual controversy concerning Endurance's asserted federal trademark and unfair competition claims. The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, supplies the requested remedy.

12. This Court has supplemental jurisdiction over Empire's New Jersey statutory and common-law claims under 28 U.S.C. § 1367(a). Those claims arise from the same Endurance advertising practices as Empire's federal claims.

13. Empire maintains its principal place of business in New Jersey and directs its vehicle service contract business, advertising, and customer communications from this State. Endurance's September 18, 2026 demand threatens litigation concerning those activities and Empire's conduct in New Jersey.

14. In the alternative, this Court has specific personal jurisdiction over Endurance because Endurance advertises, markets, and sells vehicle service contracts to New Jersey consumers, including through paid search advertising campaigns and sponsored search advertisements displayed to users located in New Jersey.

15. Endurance purposefully availed itself of the New Jersey market by soliciting consumers in this State for vehicle service contracts, including through the challenged sponsored advertisements. Empire's affirmative claims arise directly from Endurance's efforts to target New Jersey consumers searching for Empire and redirect those consumers to Endurance's competing services. Exercising specific personal jurisdiction over Endurance on those claims is consistent with due process.

16. Upon information and belief, Endurance caused the challenged advertisements to be displayed to consumers located in New Jersey searching for Empire by name and for Empire-related vehicle service contract terms. Several advertisements incorporated references to Newark, New Jersey alongside Empire-related wording in order to promote Endurance's competing services.

17. Ad-click URLs associated with multiple Endurance advertisements reported "Empire Auto Protect" and related Empire-branded terms as advertising keywords and search terms. Empire's affirmative claims arise directly from this advertising conduct, including Endurance's use of Empire's name and confusingly similar variants in sponsored advertising displayed to New Jersey consumers.

18. Endurance is registered with the State of New Jersey as a foreign limited liability company authorized to do business in this State. Its New Jersey registration reflects its decision to conduct business here, including the marketing and sale of vehicle service contracts to New Jersey

residents.

19. Upon information and belief, Endurance advertises, markets, and sells vehicle service contracts to consumers located in New Jersey through its websites and other sales channels. Its online quote process requests a consumer’s ZIP code and vehicle information in order to provide coverage quotes. Endurance also publishes disclosures and consumer materials directed to New Jersey residents and has advertised its services as available to consumers located in Newark, New Jersey.

20. Upon information and belief, Endurance derives revenue from the marketing and sale of vehicle service contracts to New Jersey consumers and maintains ongoing commercial relationships with customers located in New Jersey through the administration of contracts, receipt of payments, customer communications, and claims-related activities.

21. Endurance uses paid search advertising as part of its solicitation of New Jersey consumers. The challenged advertisements were displayed to consumers located in New Jersey and promoted Endurance’s competing services to consumers searching for Empire. Several advertisements incorporated Empire-related wording and references to Newark, New Jersey, making the advertisements appear responsive both to the consumer’s search and location.

22. The challenged advertisements were linked to Endurance websites through which consumers could learn about Endurance’s plans, request quotes, or contact Endurance regarding the purchase of vehicle service contracts. Upon information and belief, Endurance used those advertisements to generate inquiries and potential sales from New Jersey consumers.

23. Endurance used the **EMPIRE AUTO PROTECT** mark and confusingly similar variations of Empire’s mark in sponsored search advertisements displayed to consumers, including New Jersey consumers, searching for Empire.

24. Those advertisements directed consumers from search-engine results to Endurance websites through which consumers could obtain information concerning Endurance's competing vehicle service contract offerings, request quotes, and initiate contact with Endurance representatives.

25. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Empire's affirmative claims occurred in this District, including the display of the challenged advertisements to consumers located in New Jersey, Endurance's solicitation of New Jersey consumers through those advertisements, and the resulting diversion of consumers searching for Empire.

## FACTS

### *Empire's Marks and Goodwill*

26. Empire markets and sells vehicle service contracts under the name and mark **EMPIRE AUTO PROTECT**. Empire uses the **EMPIRE AUTO PROTECT** name and mark to identify itself to prospective customers and to distinguish its services from those offered by competing companies, including Endurance.

27. Empire owns United States Trademark Registration No. 7,736,670 for **EMPIRE AUTO PROTECT** as a standard-character mark (the "Word Mark"). The registration identifies third-party extended warranty services, namely, vehicle service contracts for mechanical breakdown and servicing of vehicles manufactured by others. The Word Mark is valid, subsisting, and in full force and effect, and remains registered on the Principal Register of the United States Patent and Trademark Office. Annexed hereto as **EXHIBIT A** is a true and accurate copy of the registration certificate for the Word Mark.

28. Empire also owns United States Trademark Registration No. 7,743,328 for a design

mark containing the words **EMPIRE AUTO PROTECT** and a design featuring stars, a striped semicircular shape, and a banner (the "Design Mark"). The registration identifies the same category of services. The Design Mark is valid, subsisting, and in full force and effect, and remains registered on the Principal Register of the United States Patent and Trademark Office. The Word Mark and Design Mark are referred to collectively as the "Empire Marks." Annexed hereto as **EXHIBIT B** is a true and accurate copy of the registration certificate for the Design Mark.

29. The Word Mark protects the registered wording without limitation to a particular font or presentation.

30. Empire has continuously used the Empire Marks in commerce in connection with the marketing and sale of its vehicle service contract programs. Its use includes its website, online advertising, communications with prospective customers, and materials used in connection with its business.

31. Empire operates the website www.empireautoprotect.com, where prospective customers can learn about its programs and request information concerning coverage. Empire has also advertised its services through paid search and other online channels using the **EMPIRE AUTO PROTECT** name.

32. Consumers seeking Empire online frequently use Empire's business name, including "Empire" and "Empire Auto Protect," when searching for information concerning Empire's plans, pricing, claims, customer service, and coverage options.

33. Consumers searching for "Empire" and "Empire Auto Protect" are generally seeking Empire specifically rather than generic information concerning vehicle service contracts. Such consumers frequently seek information regarding Empire's products, pricing, claims process, customer service, and coverage offerings.

34. Through its ongoing use of the Empire Marks and its expenditures to promote the business under those marks, Empire has developed recognition of the **EMPIRE AUTO PROTECT** name among consumers seeking vehicle service contracts. Empire has an interest in the goodwill associated with that name and in consumers' ability to distinguish its services from those of competitors.

35. Empire and Endurance offer competing vehicle service contract services to substantially overlapping groups of consumers. Both market and advertise their services through substantially overlapping channels of trade, including internet search advertising, websites, online quote-generation tools, and other online marketing channels directed to consumers seeking protection against vehicle repair costs.

36. Endurance has never been authorized by Empire to use the Empire Marks in connection with the advertising, promotion, marketing, or sale of Endurance's services.

***Endurance's Demand and Threatened Litigation***

37. On Friday, September 18, 2026, counsel for Endurance sent Empire a cease-and-desist letter accusing Empire of unlawful conduct in its advertising and interactions with consumers seeking vehicle service contracts. Among other things, the letter accused Empire of unfair competition, false advertising, Lanham Act violations, tortious interference, commercial disparagement, and defamation per se. Annexed hereto as **EXHIBIT C** is a true and accurate copy of the September 18, 2026 correspondence.

38. The letter demanded that Empire cease specified conduct, threatened litigation in federal court if Endurance's demands were not satisfied, and demanded a response by September 23, 2026. Empire did not receive the letter until September 22, following the September 21 religious holiday. The stated deadline therefore left approximately one day for Empire to

investigate the allegations and respond.

39. The letter specifically threatened claims for defamation per se, commercial disparagement, tortious interference with contract, tortious interference with prospective economic advantage, Lanham Act violations, unfair competition, false advertising, and deceptive trade practices.

40. On September 23, 2026, Empire advised Endurance that it disputed Endurance's characterization of its conduct and would provide a substantive response after reviewing the allegations with its client.

41. Empire asked Endurance to identify the particular advertisements, statements, customer interactions, or other conduct supporting its accusations and to provide the materials on which it relied. Empire also offered to address promptly any specific issue Endurance believed required immediate attention.

42. Endurance did not provide the requested examples or supporting materials. Instead, its counsel continued to demand an expedited response and stated: "If you check state and federal dockets, you will see we have multiple injunction and damages suits pending nationwide to clean up the industry and rid it of bad actors." Counsel subsequently stated that Empire had "until the end of the week."

43. Endurance's reference to nationwide injunction and damages litigation underscored the immediacy and seriousness of its threat to Empire, a more recent entrant competing for the same customers. Yet Endurance still did not identify the particular Empire advertisement, statement, or customer interaction it contended was unlawful, leaving Empire unable to evaluate the factual basis for the threatened claims or identify any specific conduct Endurance wanted corrected. Annexed hereto as **EXHIBIT D** is a true and accurate copy of the communications

occurring on September 23, 2026.

***Endurance's Use of the Empire Marks in Search Advertising***

44. While conducting the limited investigation possible given the general allegations in Endurance's September 18, 2026 correspondence, Empire uncovered multiple Endurance-sponsored search advertisements displaying **"Empire Auto Protect"** in their visible headlines while promoting Endurance's competing vehicle service contract services.

45. For example, a search for "empire auto protect plans" produced an Endurance-labeled advertisement headed "Newark Empire Auto Protect | $300 Off Promo - Ends Soon." A search for "empire auto protection" produced an Endurance-labeled advertisement headed "Newark Empire Auto Protect | Extended Auto Protection." Other Endurance-labeled advertisements used "Empire Car Warranty" and "Empire Auto Warranty" in their headlines. Representative search results are annexed hereto as **EXHIBIT E**.

46. The advertisements linked to Endurance's websites, where consumers could learn about and request quotes for its competing vehicle service contract offerings.

47. The ad-click URLs contained encoded addresses for Endurance's websites and information used to track the advertisements. When decoded, that information included Empire-related phrases, advertising identifiers, and, in several URLs, the designation "Conquest."

[remainder of page intentionally blank]

48. As one example, an Endurance-sponsored advertisement displayed in response to the Bing search "empire auto protect plans" was associated with the following ad-click URL:

https://www.bing.com/aclk?ld=e84HZj-
3tqe0QPQdpE2vV75DVUCUxtPlPMYsEdHdt9M_LTh4yGmq9C
L59vA8exV0BzC-_PmZDpJFkoAUW39-
RgBbPsceH8qnVVP7_ixJSkslId8cNrUzRohgxkmMVoK6zkXx0al
WzPGa0lZY-
bpSTQxQ4kxHrEuMlSQSTvcBIMw3TCGCcIVNnVSH2pNqczW
VXgP4ctmiFA1gfsXMXLRhCUTVdw5Xs&u=aHR0cHMlM2El
MmYlMmZnZXRlbmR1cmFuY2V3YXJyYW50eS5jb20lMmZuY
iUyZiUzZmxvY3AlM2Q5NzU3NCUyNmxvY2klM2QlMjZ1dG1f
Y2FtcGFpZ25pZCUzZDQ4NTQ2ODU3OCUyNnV0bV9hZGdyb
3VwaWQlM2QxMjMzNjUzNTUwOTEwNzYwJTI2dXRtX3Nvd
XJjZSUzZGJpbmclMjZ1dG1fbWVkaXVtJTNkY3BjJTI2dXRtX2
5ldHdvcmslM2RvJTI2dXRtX2RldmljZSUzZGMlMjZ1dG1fa2V5
d29yZCUzZGVtcGlyZSUyNTIwYXV0byUyNTIwcHJvdGVjdCU
yNnV0bV9tYXRjaHR5cGUlM2RlJTI2dXRtX2NhbXBhaWduJT
NkNDg1NDY4NTc4JTI2dXRtX2FkaWQlM2Q3NzEwMzQ5MjI0
OTY4NiUyNm1zY2xraWQlM2RkMGEyODBlZjhlZDgxZjBmNj
kzYWVhNWFjMGY4MDE3ZSUyNnV0bV90ZXJtJTNkZW1wa
XJlJTI1MjBhdXRvJTI1MjBwcm90ZWN0JTI2dXRtX2NvbnRlbn
QlM2ROQiUyNTIwJTI1MjAtJTI1MjBDb25xdWVzdA&rlid=d0a
280ef8ed81f0f693aea5ac0f8017e

49. The text between "u=" and "&rlid=" is an encoded version of the advertisement's destination address. Encoding converts the address into a format Bing can place in the link; it does not encrypt or conceal the information and anyone can recover the address with a standard Base64 decoder and then read its tracking fields by decoding the URL characters.

[remainder of page intentionally blank]

50. A standard Base64 decoder, followed by ordinary URL decoding, reveals the address for getendurancewarranty.com and its tracking information. The comparison below shows the encoded text and the relevant information recovered from it:

| Encoded portion of the ad-click URL | Information revealed after decoding |
|---|---|
| aHR0cHMlM2ElMmYlMmZnZXRlbmR1cmFuY2V3YXJyYW50eS5jb20lMmZuYiUyZiUzZmxvY3AlM2Q5NzU3NCUyNmxvY2klM2QlMjZ1dG1fY2FtcGFpZ25pZCUzZDQ4NTQ2ODU3OCUyNnV0bV9hZGdyb3VwaWQlM2QxMjMzNjUzNTUwOTEwNzYwJTI2dXRtX3NvdXJjZSUzZGJpbmclMjZ1dG1fbWVkaXVtJTNkY3BjJTI2dXRtX25ldHdvcmslM2RvJTI2dXRtX2RldmljZSUzZGMlMjZ1dG1fa2V5d29yZCUzZGVtcGlyZSUyNTIwYXV0byUyNTIwcHJvdGVjdCUyNnV0bV9tYXRjaHR5cGUlM2RlJTI2dXRtX2NhbXBhaWduJTNkNDg1NDY4NTc4JTI2dXRtX2FkaWQlM2Q3NzEwMzQ5MjI0OTY4NiUyNm1zY2xraWQlM2RkMGEyODBlZjhlZDgxZjBmNjkzYWVhNWFjMGY4MDE3ZSUyNnV0bV90ZXJtJTNkZW1waXJlJTI1MjBhdXRvJTI1MjBwcm90ZWN0JTI2dXRtX2NvbnRlbnQlM2ROQiUyNTIwJTI1MjAtJTI1MjBDb25xdWVzdA& | https%3a%2f%2fgetendurancewarranty.com%2fnb%2f%3flocp%3d97574%26loci%3d%26utm_campaignid%3d485468578%26utm_adgroupid%3d1233653550910760%26utm_source%3dbing%26utm_medium%3dcpc%26utm_network%3do%26utm_device%3dc%26utm_keyword%3dempire%2520auto%2520protect%26utm_matchtype%3de%26utm_campaign%3d485468578%26utm_adid%3d77103492249686%26msclkid%3dd0a280ef8ed81f0f693aea5ac0f8017e%26utm_term%3dempire%2520auto%2520protect%26utm_content%3dNB%2520%2520-%2520Conquest |

51. The decoded address identifies https://getendurancewarranty.com/nb/ as the destination and records campaign ID 485468578. Its utm_keyword and utm_term fields both contain “empire auto protect,” while its utm_content field contains “NB - Conquest.”

52. Upon information and belief, and in the digital advertising industry, “conquest” commonly refers to efforts to reach a competitor’s prospective customers.

53. The “Conquest” label in the decoded address is consistent with that meaning. Its appearance alongside “empire auto protect” and an advertisement displaying Empire’s name supports the inference that this advertising was directed toward consumers seeking Empire.

54. This was a repeated pattern across numerous Endurance-sponsored advertisements displayed in response to searches for Empire. Their associated ad-click URLs paired Empire's name or close variations with the "Conquest" designation, reinforcing the inference that the campaign was designed to reach consumers seeking Empire and direct them to Endurance's competing services.

55. The exemplar advertisement directed consumers to getendurancewarranty.com, a website promoting Endurance's vehicle service contract offerings. Its footer identifies Home Media LLC as "an authorized partner of Endurance Warranty Services LLC," displays a separate Endurance copyright notice, and directs visitors to Endurance's principal website for further information

56. Upon information and belief, Home Media placed or managed at least some of the challenged advertisements to generate inquiries concerning Endurance's services pursuant to that authorized relationship. The advertisements displayed Empire-related headlines, promoted Endurance's offerings, and directed consumers to the website identified in the preceding paragraph.

57. Based on that authorized relationship and the advertisements' promotion of Endurance's services, Empire alleges upon information and belief that Home Media acted on Endurance's behalf in placing or managing those advertisements and that Endurance authorized, directed, approved, or retained the right to control the advertising conducted on its behalf. The parties' agreement, approval practices, and handling of resulting inquiries are within Endurance's and Home Media's knowledge.

58. Endurance used these advertisements to attract inquiries from consumers seeking Empire and to promote Endurance's competing vehicle service contracts.

59. Upon information and belief, Endurance's use of Empire-related wording in advertisement headlines and Empire-related search terms in associated campaign-tracking parameters was intentional and formed part of a coordinated advertising strategy directed toward consumers seeking Empire and its services.

60. The challenged advertisements appeared in response to searches for Empire and displayed Empire-related wording while promoting Endurance's competing services. Consumers searching for Empire were presented with Endurance-sponsored advertisements before, alongside, or in close proximity to search results relating to Empire.

61. The challenged headlines placed Empire's business name within advertisements for a competing provider at the point where consumers were selecting a search result.

62. In particular, headlines such as "Newark Empire Auto Protect | Extended Auto Protection" could cause a consumer searching for Empire to believe the sponsored result led to Empire, an Empire-associated provider, or information about Empire's plans, even if the consumer learned after selecting the result that Endurance was the provider.

63. A Google search for "empire auto protect" also returned two sponsored advertisements promoting Endurance. Annexed as **EXHIBIT F** is a true and accurate copy of the Google sponsored ads for the stated search term.

**<u>COUNT I – DECLARATORY JUDGMENT</u>**
**<u>(28 U.S.C. §§ 2201-2202)</u>**

64. Empire incorporates by reference the preceding paragraphs as though fully set forth herein.

65. An actual, immediate, and substantial controversy exists between Empire and Endurance concerning Empire's advertising practices and business activities.

66. Through its September 18, 2026 cease-and-desist letter and related communications, Endurance accused Empire of unlawful conduct and threatened litigation asserting claims including, among others, Lanham Act violations, unfair competition, false advertising, tortious interference, commercial disparagement, deceptive trade practices, and defamation per se.

67. Endurance demanded that Empire cease specified conduct and threatened litigation in federal court if Empire did not comply with its demands.

68. Empire disputes Endurance's allegations and denies that its advertising practices or business activities violate any rights asserted by Endurance.

69. Empire has a substantial interest in obtaining a judicial determination of the parties' respective rights and obligations because Endurance's threats of litigation have created uncertainty regarding Empire's ongoing business practices.

70. A declaration by this Court will terminate and afford relief from the uncertainty and controversy giving rise to this action.

71. Pursuant to 28 U.S.C. §§ 2201–2202, Empire seeks a declaration that the advertising practices and business activities challenged by Endurance do not violate any trademark, unfair competition, false advertising, tortious interference, commercial disparagement, deceptive trade practices, or other rights asserted by Endurance.

**COUNT II – FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

72. Empire incorporates by reference the preceding paragraphs as though fully set forth herein.

73. Empire owns the valid and subsisting Empire Marks, including United States Trademark Registration No. 7,736,670 for **EMPIRE AUTO PROTECT**.

74. Endurance used the **EMPIRE AUTO PROTECT** mark and confusingly similar variations of the mark in commerce without Empire's authorization.

75. Endurance used Empire's marks in connection with the advertising, promotion, marketing, and sale of competing vehicle service contract services.

76. Endurance displayed Empire's mark and confusingly similar variations in sponsored search advertisements presented to consumers searching for Empire and its services.

77. Endurance's use of Empire's marks is likely to cause confusion, mistake, or deception among consumers regarding the source, sponsorship, affiliation, connection, or approval of Endurance's services.

78. Upon information and belief, Endurance's use of Empire's marks was knowing, deliberate, and intended to divert consumers seeking Empire to Endurance's competing services, including through advertising campaigns utilizing Empire-related search terms and Empire-related advertisement headlines.

79. Endurance's unauthorized use of the Empire Marks diminishes Empire's ability to control the goodwill associated with its marks and threatens the distinctiveness of the Empire Marks.

80. As a direct and proximate result of Endurance's conduct, Empire has suffered and continues to suffer damage to its goodwill, reputation, and business.

## COUNT III – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

81. Empire incorporates by reference the preceding paragraphs as though fully set forth herein.

82. Endurance used Empire's name, mark, and confusingly similar variations thereof in commercial advertising and promotion.

83. Endurance's sponsored advertisements were displayed to consumers searching for Empire and contained wording likely to suggest an affiliation, connection, sponsorship, or association with Empire.

84. Endurance's conduct was intended to attract consumers searching for Empire and redirect those consumers to Endurance's competing services.

85. Endurance's actions have created a likelihood of confusion, mistake, or deception concerning the affiliation, connection, sponsorship, origin, or approval of Endurance's services.

86. Endurance's conduct is likely to cause consumers to believe mistakenly that Endurance's advertisements, services, or business are affiliated, connected, sponsored by, endorsed by, authorized by, or otherwise associated with Empire.

87. As a direct and proximate result of Endurance's conduct, Empire has suffered and continues to suffer injury, including diversion of prospective customers, loss of goodwill, and damage to the distinctiveness of the Empire Marks.

## COUNT IV – NEW JERSEY TRADEMARK INFRINGEMENT

(N.J. Stat. Ann. § 56:3-13.16)

88. Empire incorporates by reference the preceding paragraphs as though fully set forth herein.

89. Empire owns protectable rights in the Empire Marks through their use in commerce, including in New Jersey.

90. Endurance used Empire's marks and confusingly similar variations thereof in connection with the advertising and promotion of competing services.

91. Endurance, directly or through an authorized advertising partner acting on its behalf, used the Empire Marks or colorable imitations of them without Empire's consent in

advertisements for competing vehicle service contract services displayed to consumers in New Jersey.

92. Endurance's conduct as described herein is likely to cause consumer confusion regarding source, sponsorship, affiliation, connection, or approval.

93. Endurance's conduct as described herein is likely to cause confusion or mistake, or to deceive consumers as to the source of the advertised services, in violation of N.J. Stat. Ann. § 56:3-13.16(a)(1).

94. Endurance's conduct as described herein constitutes trademark infringement under New Jersey law.

95. Empire has suffered and will continue to suffer damages and irreparable harm unless Endurance is restrained from continuing its unlawful conduct.

## COUNT V – COMMON-LAW UNFAIR COMPETITION

96. Empire incorporates by reference the preceding paragraphs as though fully set forth herein.

97. Empire has developed substantial goodwill in the EMPIRE AUTO PROTECT name and Empire Marks through continuous use and promotion.

98. Endurance intentionally used Empire's name, marks, and brand recognition to attract consumers seeking Empire and direct those consumers to Endurance's competing services.

99. Endurance sought to benefit from and appropriate the goodwill associated with the Empire Marks by presenting Empire-related wording to consumers searching specifically for Empire.

100. Endurance's conduct constitutes unfair competition and an improper appropriation of Empire's goodwill.

101. Endurance's actions have caused and are likely to continue causing consumer confusion, diversion of business opportunities, loss of goodwill, and damages to Empire.

102. Unless enjoined, Endurance will continue to engage in the conduct alleged herein, causing Empire further injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Empire Auto Protect, LLC respectfully requests that judgment be entered in its favor and against Defendant Endurance Warranty Services, LLC, and that the Court:

A. Declare the rights and obligations of the parties pursuant to 28 U.S.C. §§ 2201-2202 and declare that the conduct challenged in Endurance's September 18, 2026 cease-and-desist letter does not violate the rights asserted by Endurance;

B. Enter preliminary and permanent injunctive relief prohibiting Endurance from using the EMPIRE AUTO PROTECT mark, confusingly similar variations thereof, or any other designation likely to cause confusion with Empire's marks, including in sponsored search advertisements, keyword advertising campaigns, search-engine marketing, metadata, and other advertising, promotion, or sale of competing vehicle service contract services;

C. Order Endurance to remove, discontinue, and cease use of all advertisements, marketing materials, and campaign content incorporating the Empire Marks;

D. Award Empire its actual damages, including damages associated with consumer diversion, loss of goodwill, and corrective advertising, according to proof;

E. Award Endurance's profits attributable to the unlawful conduct pursuant to 15 U.S.C.

§ 1117;

F. Award treble damages, enhanced damages, and such other monetary relief as permitted by applicable law;

G. Find this to be an exceptional case and award Empire its attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

H. Award pre-judgment and post-judgment interest;

I. Award costs of suit; and

J. Grant such other and further legal or equitable relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury on all issues properly triable before a jury in this action.

**LOCAL CIVIL RULE 11.2 DECLARATION**

Undersigned counsel declares under penalty of perjury that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

Date: September 24, 2026

/s/ Dmitry Lapin
Dmitry Lapin, Esq.
Robert R. Axenfeld, Esq., pending admission *pro hac vice*
Scott L. Baker, Esq.
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
dmitry@axenfeldlaw.com
215-422-3000

*Attorney for Plaintiff*